UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FNU HAMEEDULLAH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GREG WHITE, BENJAMIN MARQUEZ, and ZAMBI,<br><br>　　　　　Defendants. | No.  2:19-cv-1714-TLN-EFB PS<br><br><br>ORDER |

　　　　Plaintiff's original complaint was dismissed with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 8.[1]  He has since filed a first amended complaint.  As discussed below, that complaint, too, fails to state a claim and must be dismissed.

　　　　As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The first amended complaint asserts claims under 42 U.S.C. § 1983 against six defendants—California Highway Patrol Officer Gregory White and five unidentified officers working at the Sacramento County jail. ECF No. 9. Plaintiff alleges that in December 2019, he was pulled over by Officer White. *Id*. at 6. White subsequently searched plaintiff's vehicle and notified plaintiff that he was being arrested because his car registration was expired.[2] *Id*. Sometime thereafter (presumably after plaintiff was transported to jail), plaintiff requested an interpreter be provided, but White denied that request. *Id*. Plaintiff claims White and five other officers beat him, although he does not specify how or for how long. *Id*. He further claims he was assaulted by another inmate, but he again provides no details about this altercation. Plaintiff states that he believes he was mistreated because of his race and ethnicity, which he does not identify.

/////

---

[2] While plaintiff now claims he was arrested because his car registration was expired, a state court document appended to the original complaint reflects he was arrested for driving under the influence, driving without a license, and for resisting arrest. *See* ECF No. 1 at 7.

As a threshold matter, plaintiff purports to sue five unidentified officers as defendants. Unknown persons cannot be served with process until they are identified by their real names, and the court will not investigate the names and identities of unnamed defendants. Where a request to add subsequently identified defendants is made, Rule 15 (and if there is a statute of limitations issue, Rule 15(c)), and not state court Doe pleading practices, governs whether the amendment should be allowed. Accordingly, these unnamed defendants are dismissed without prejudice.

As for defendant White—the only defendant identified by name—plaintiff's allegations are too vague and conclusory to state a violation of his constitutional rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Although plaintiff identifies White as a CHP officer, he does not identify the specific constitutional right White violated.

Plaintiff's allegations suggest he is attempting to challenge his arrest and the use of force at the Sacramento County jail. To prevail on a § 1983 claim for false arrest, a plaintiff must allege that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). Plaintiff alleges he was notified that he was being arrested because his car registration was expired, but he provides no other details regarding the traffic stop and subsequent arrest. Significantly, he doesn't allege that Officer White lacked probable cause for the traffic stop and arrest.

Plaintiff's allegations are also insufficient to state an excessive force claim. In order to state a claim for the use of excessive force by a pretrial detainee, a plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson,* 576 U.S. 389, 396-97 (2015). Plaintiff has not alleged enough facts to allow the

court to determine whether the alleged use of force was objectively unreasonable.  He does not state why the officers began to beat him, and if or when he stuck the other officers.  He also does not describe his injuries, if any.  *See id.* (identifying the following considerations that may bear on the reasonableness or unreasonableness of the force used: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; and (5) the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.).

Accordingly, the first amended complaint must be dismissed for failure to state a claim.  Plaintiff's original complaint was also dismissed because he provided only vague and conclusory allegations.  Although the amended complaint does not meaningfully address the prior complaint's deficiencies, the court will afford plaintiff a final opportunity to allege a viable claim by filing yet another amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Plaintiff is reminded that any amended complaint must allege a cognizable legal theory and state sufficient facts in support of that cognizable legal theory.  Should plaintiff choose to file an amended complaint, it shall clearly set forth the allegations that support each claim for relief.  It shall also set forth plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the

4

original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 9) is dismissed with leave to amend, as provided herein.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: September 2, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5